IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDY AROCHA,

        Plaintiff,                    No. 2: 11-cv-2959 KJN P

    vs.

E. SAUCEDA, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Named as defendants are Correctional Officers Sauceda, Nelson and Pilgrim, Correctional Sergeants Hart, Miranda, Hernandez, Alziebler, Abshire, Munoz and Yarns, Correctional Lieutenants Rogel and Hettima, Correctional Captain Mechado, Associate Warden Bueno, Wardens Subia, McDonald and Brunnel, Correctional Staff Clark, Michael and Statti, the Director of the California Department of Correctional and Rehabilitation ("CDCR"). Plaintiff seeks money damages and injunctive relief.

Plaintiff generally alleges that all defendants sexually harassed him. However, the only defendants against whom plaintiff made specific allegations are defendants Sauceda, Hart, Miranda and Hernandez.

Plaintiff alleges that defendant Sauceda intentionally leaked sexually explicit material, i.e., digital images, video, etc., to other employees regarding plaintiff, in order to create the impression that plaintiff was gay or bi-sexual. Plaintiff alleges that defendants Sauceda, Hart, Miranda and Hernandez repeatedly leaked this "sexually invasive material" to prisoners in an attempt to target plaintiff for sexual exploitation, victimization, oppression and hate crimes.

Plaintiff does not describe in any detail the sexually explicit material that was leaked. Plaintiff also does not discuss how defendants leaked this material to prison staff and prisoners and how he knows that this occurred. Because the allegations against these defendants are so generally plead, the undersigned cannot find that plaintiff has stated a plausible claim for relief. Iqbal, 129 S. Ct. at 1949 (2009). Accordingly, these claims against defendants Sauceda, Hart, Miranda and Hernandez are dismissed with leave to amend. If plaintiff files an amended complaint, he must discuss in more detail the factual basis for his claims against these defendants.

3

As discussed above, the complaint generally alleges that the other defendants sexually harassed plaintiff. The complaint contains no specific allegations detailing the alleged misconduct of any of these other defendants. Because these allegations are so vague, conclusory and unsupported, the undersigned finds that plaintiff has not stated a plausible claim for relief against these defendants. Iqbal, 129 S. Ct. at 1949 (2009). If plaintiff files an amended complaint, he must describe the specific conduct each defendant committed that allegedly violated his constitutional rights.

The complaint is 47 pages long. Federal Rule of Civil Procedure 8(a) provides that complaints shall contain *short* and *plain* statements of the claims. After reviewing plaintiff's complaint, the undersigned finds that it does not comply with Rule 8(a). It is clear that plaintiff could state his claims in a substantially shorter complaint. For this reason, if plaintiff files an amended complaint, it may be no longer than 20 pages.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended

4

complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Therefore, plaintiff's request for the appointment of counsel is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to file an amended complaint no longer than 20 pages.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

1  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
2  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
3  Failure to file an amended complaint in accordance with this order may result in the dismissal of
4  this action.

5        5.  Plaintiff's motion for appointment of counsel (Dkt. No. 5) is denied.

6  DATED:  December 9, 2011

                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

10  ar2959.14

```
 1
 2
 3
 4
 5
 6
 7
 8                   IN THE UNITED STATES DISTRICT COURT
 9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10   RANDY AROCHA,
11            Plaintiff,                 No. 2: 11-cv-2959 KJN P
12       vs.
13   E. SAUCEDA, et al.,                 NOTICE OF AMENDMENT
14            Defendants.
15   _____/
16       Plaintiff hereby submits the following document in compliance with the court's
17   order filed _____:
18       _____    Amended Complaint
19   DATED:
20
21
                                         _____
22                                       Plaintiff
23
24
25
26
```