IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDY AROCHA,

        Plaintiff,                   No. 2: 11-cv-2959 KJN P

    vs.

E. SAUCEDA, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On November 18, 2011, plaintiff consented to the jurisdiction of the undersigned.

        On April 23, 2013, the undersigned issued a 26 page order screening the third amended complaint filed January 9, 2013. On May 22, 2013, plaintiff was granted fourteen days to file a request for reconsideration of the April 23, 2013 order.

        On May 30, 2013, plaintiff filed a motion for reconsideration of the April 23, 2013 order and a motion for an extension of time to file the request for reconsideration. Pursuant to the May 22, 2013 order, the motion for reconsideration is timely. Accordingly, plaintiff's May 30, 2013 motion for extension of time is denied as unnecessary.

////

1

1        Parties seeking reconsideration should demonstrate "new or different facts or
2 circumstances [which] are claimed to exist which did not exist or were not shown upon such
3 prior motion, or what other grounds exist for the motion" and "why the facts or circumstances
4 were not shown at the time of the prior motion." E.D. Cal. L.R. 230 (j); see United States v.
5 Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (reconsideration appropriate for a change in the
6 controlling law, facts, evidence, or other circumstances; a need to correct a clear error; or a need
7 to prevent manifest injustice); see also School Dist. No. 1J, Multnomah County v. ACandS, Inc.,
8 5 F.3d 1255, 1263 (9th Cir. 1993).

9        Although motions to reconsider are directed to the sound discretion of the court,
10 Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),
11 considerations of judicial economy weigh heavily in the process.  The rule derives from the "law
12 of the case" doctrine which provides that the decisions on legal issues made in a case "should be
13 followed unless there is substantially different evidence . . . new controlling authority, or the
14 prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v.
15 Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d
16 589, 593 (9th Cir. 1985).  The standards "reflect[ ] district courts' concern for preserving
17 dwindling resources and promoting judicial efficiency." Costello v. United States Government,
18 765 F.Supp. 1003, 1009 (C.D. Cal.1991).  "While Rule 59(e) permits a district court to
19 reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used
20 sparingly in the interests of finality and conservation of judicial resources" and in "highly
21 unusual circumstances." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation
22 omitted).  A party may not "raise arguments or present evidence for the first time when they
23 could reasonably have been raised earlier in the litigation." Id.

24        Plaintiff has not demonstrated grounds to reconsider the order screening his third
25 amended complaint.  Plaintiff has presented no new or different facts or circumstances which did
26 not exist at the time he prepared his third amended complaint.  Plaintiff has also failed to

1 demonstrate why the arguments made in the request for reconsideration could not have been
2 raised previously.  Plaintiff has failed to demonstrate that the April 23, 2013 order was erroneous
3 or would result in the injustice.
4         Accordingly, IT IS HEREBY ORDERED that:
5         1.  Plaintiff's motion for extension of time (ECF No. 46) is denied as unnecessary;
6         2.  Plaintiff's motion for reconsideration (ECF No. 47) is denied.
7 DATED:   June 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ar2959.req