UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY AROCHA,<br><br>        Plaintiff,<br><br>   v.<br><br>E. SAUCEDA, et al.,<br><br>        Defendants. | No.  2:  11-cv-2959 KJN P<br><br><br><br>ORDER |

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel filed September 6, 2013.  For the following reasons, plaintiff's motion is granted in part and denied in part.

     In the motion to compel, plaintiff requests that defendants provide him with information for service of defendants Hart, Munoz and Montanez.  On June 11, 2013, the court ordered service of these defendants.  (ECF No. 50.)  On June 25, 2013, service as to defendants Munoz and Montanez was returned unexecuted because they could not be located in the "CDCR locator." (ECF No. 53.)  On August 7, 2013, service as to defendant Hart was returned unexecuted because "S. Hart named in the complaint identifies a female MTA who was promoted to Sergeant.  This is clearly not S. Hart at DVI."  (ECF No. 63.)

////

////

1

Defendants oppose plaintiff's motion to compel on grounds that plaintiff's letters addressed to defendants requesting information regarding the location of defendants do not comply with the requirements of a Request for Production of Documents under Federal Rule of Civil Procedure Rule 34. Defendants also object that the official information privilege bars plaintiff's request for personnel information concerning employees of California Department of Corrections and Rehabilitation ("CDCR). Defendants also contend that the information plaintiff seeks regarding defendants Munoz and Montanez does not exist, as demonstrated by a letter from the Mule Creek State Prison ("MCSP") Litigation Coordinator addressed to plaintiff. Attached to plaintiff's motion to compel is a letter to plaintiff from the MCSP Litigation Coordinator dated August 8, 2013. (ECF No. 73 at 20.) This letter states that MCSP does not have a record of either employee, i.e., defendants Munoz and Montanez, who plaintiff was requesting information on. (Id.)

As for defendants Munoz and Montanez, it appears that defendants' objection that the information sought does not exist is well taken. The returned USM-285 forms indicate that there is no record that either of these defendants is currently employed by CDCR. The letter from the MCSP Litigation Coordinator indicates that there is no record of either defendant ever being employed at MCSP. The court has reviewed the exhibits attached to plaintiff's third amended complaint and finds no mention of either defendant Munoz or defendant Montanez in any of the responses to plaintiff's administrative grievances prepared by prison officials. (See ECF Nos. 40-1, 40-2, 40-3, 40-4.)

Because plaintiff has apparently misidentified defendants Munoz and Montanez, as there is no record of their having ever been employed at MCSP where the claims allegedly occurred, plaintiff's motion to compel defendants to provide further information for service of these defendants is denied.

As for defendant Hart, who is identified as a woman in the amended complaint, it is clear that this defendant exists as she is referenced in a response by prison officials to one of plaintiff's administrative grievances. (ECF No. 40-1 at 85.) The U.S. Marshal has informed the court that MCSP prison officials informed the U.S. Marshal that defendant Hart had been transferred to

Deuel Vocational Institution ("DVI").  For that reason, service was attempted on defendant Hart at DVI, although unsuccessfully.

Defendants' objection that personnel information regarding CDCR employees, such as home addresses, should not be disclosed to inmates is well taken.  However, it is not clear that defendant Hart is no longer employed by CDCR.  In their letter responding to plaintiff's request for information regarding defendants Munoz and Montanez, defendants stated that if they learned any information concerning the location of these defendants, they would forward the information to the U.S. Marshal.

Within thirty days of the date of this order, defendants shall make an inquiry in order to determine if defendant Hart is currently employed by CDCR.  If she is, defendants shall provide this information to the U.S. Marshal and the court.  If defendant Hart is no longer employed by CDCR, defendants shall provide defendant Hart's private address for service to the U.S. Marshal's office *only* and notify the court that this has been done.  The U.S. Marshal shall treat the information regarding defendant Hart's private address as confidential.  If defendants are unable to locate any information for service of defendant Hart, they shall notify the court within that time.

On September 5, 2013, plaintiff filed a motion for an extension of time to submit his forms for service of defendants Munoz and Montanez.  Because the court has denied plaintiff's motion to compel seeking additional information for service of these defendants, plaintiff's September 5, 2013 motion for an extension of time is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 70) is denied;
2. Plaintiff's motion to compel (ECF No. 73) is denied as to his request for information regarding the locations of defendants Munoz and Montanez;
3. Plaintiff's motion to compel defendants to provide additional information for service of defendant Hart (ECF No. 73) is granted; within thirty days of the date of this order, defendants shall conduct an inquiry regarding the location of defendant Hart and provide the information set forth above;

4. *If defendants provide defendant Hart's private address to the U.S. Marshal, the U.S. Marshal shall treat all information regarding defendant Hart's private address as confidential*; and

5. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

Dated: October 22, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ar2959.com