UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY AROCHA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. SAUCEDA, et al.,<br><br>　　　　　Defendants. | No.  2:11-cv-2959 LKK KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

////

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Pending before the court is defendants' summary judgment motion filed May 2, 2014, and defendants' motion to dismiss filed May 9, 2014.  Plaintiff has filed his second request for an extension of time to file and serve an opposition to defendants' pending motions.  Plaintiff requests an extension of sixty day.  The grounds of this request are that plaintiff is housed in administrative segregation and does not have adequate access to his legal property.  Good cause appearing, plaintiff's motion for extension of time is granted.

In the motion for appointment of counsel, plaintiff also moves to compel the Warden to allow him access to seven cubic feet of his legal property.  In his motion for extension of time, plaintiff explains that inmates in administrative segregation are allowed to store six cubic feet of their legal property and are only granted access to one cubic foot of their legal property at a time.

Plaintiff has not shown good cause to order the Warden to deviate from the regulations regarding access to legal property by inmates in administrative segregation.  Because plaintiff has been granted sixty days to file his opposition, plaintiff should have adequate access to his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel and to compel (ECF No. 118) is denied without prejudice;
2. Plaintiff's motion for an extension of time (ECF No. 116) is granted; and
3. Plaintiff is granted sixty days from the date of this order in which to file and serve his oppositions to defendants' motion for summary judgment and motion to dismiss.

Dated: July 10, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Aroc2959.31+36sec