UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDY AROCHA,

Plaintiff,

v.

E. SAUCEDA, et al.,

Defendants.

No. 2: 11-cv-2959 MCE KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for extensions of time to file a supplemental opposition to defendants' summary judgment motion and to stay this action in order to conduct discovery. (ECF Nos. 132, 136.) For the following reasons, plaintiff is granted thirty days to file a supplemental opposition.

On May 2, 2014, defendants Hart, Munoz and Rogel filed a summary judgment motion on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 111.) On May 9, 2014, defendants Hart, Munoz and Rogel filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 114.)

On May 8, 2014, plaintiff filed a motion for an extension of time to file his opposition to defendants' summary judgment motion. (ECF No. 113.) On May 15, 2014, the undersigned granted plaintiff a thirty days extension of time to file an opposition to defendants' summary

judgment motion. (ECF No. 115.)

On June 26, 2014, plaintiff filed a notice of change of address indicating that he had been transferred to Kern Valley State Prison ("KVSP"). (ECF No. 117.) On that date, plaintiff also filed a motion for a sixty days extension of time to file his oppositions to defendants' pending motions. (ECF No. 116.) The grounds of this request were that plaintiff was housed in administrative segregation and did not have adequate access to his legal property. (Id.) On July 10, 2014, the undersigned granted plaintiff an extension of sixty days to file his oppositions to defendants' pending motions. (ECF No. 119.)

On September 16, 2014, plaintiff filed another motion for a sixty days extension of time to file his oppositions to defendants' pending motions. (ECF No. 121.) Plaintiff alleged that he had been in administrative segregation since June 19, 2014. (Id.) He alleged that since that time, he had had no physical access to the law library. (Id.) He also alleged that he had no meaningful access to the law library paging system. (Id.)

Based on the circumstances alleged in plaintiff's September 16, 2014 motion, on September 18, 2014, the undersigned granted plaintiff a sixty days extension of time to file his oppositions to defendants' pending motions. (ECF No. 123.) This order stated that no further requests for extensions of time would be permitted. (Id.)

On November 17, 2014, plaintiff filed a notice of change address indicating that he had been transferred to High Desert State Prison ("HDSP"). (ECF No. 129.) On that date, plaintiff also filed an opposition to defendants' motion for summary judgment. (ECF No. 130.) On November 25, 2014, defendants filed a reply. (ECF No. 131.)

On November 26, 2014, plaintiff filed one of the pending motions for extension of time. (ECF No. 132.) In this motion, plaintiff requests an extension of time to file a supplemental opposition to defendants' summary judgment motion and for an opportunity to conduct discovery. (Id.) Plaintiff alleges that while he was housed in administrative segregation at KVSP, he was denied access to his legal property. (Id.)

On December 16, 2014, defendants filed an opposition to plaintiff's November 26, 2014 motion for extension of time. (ECF No. 133.)

On December 18, 2014, plaintiff filed the second pending motion for extension of time. (ECF No. 136.) Plaintiff requests an extension of time to file a supplemental opposition to defendants' summary judgment motion on grounds that he did not have access to his legal property while housed at KVSP. (Id.) Plaintiff also requests that this action be stayed so that he can conduct discovery in support of his opposition to defendants' summary judgment motion. (Id.) Plaintiff alleges that on December 3, 2014, he was granted access to all of his pertinent legal property. (Id.)

The undersigned first considers plaintiff's request that the court defer ruling on defendants' motion for summary judgment so that he can conduct discovery.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.R.Civ.P. 56(d). In making a Rule 56(d) motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment." Burnett v. Frayne, 2011 WL 5830339, at *1 (N.D.Cal. Nov. 18, 2011) (quoting Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998)).

Plaintiff has failed to meet his burden of showing that additional discovery would reveal specific facts precluding summary judgment. Plaintiff generally requests an opportunity to conduct discovery without describing the specific information he is seeking and how it would preclude summary judgment. Accordingly, plaintiff's request to stay this action so that he may conduct discovery is denied.

While plaintiff has already been granted several extensions of time to file his oppositions to the pending motions, the undersigned is concerned by his claim that he did not have access to all of his relevant legal property while housed in administrative segregation at KVSP. Plaintiff represents that he now has access to his relevant legal property. Good cause appearing, plaintiff is granted thirty days to file a supplemental opposition to defendants' summary judgment motion and his opposition to defendants' motion to dismiss. No further requests for extension of time will be granted. If plaintiff does not file his oppositions to defendants' motions within that time,

defendants' motions will be submitted for decision based on the briefing on file.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for extension of time (ECF No. 132 and 136) are granted; plaintiff is granted thirty days to file a supplemental opposition to defendants' summary judgment motion and an opposition to defendants' motion to dismiss; defendants may file a reply to plaintiff's oppositions within fourteen days thereafter; no further requests for extension of time will be granted; plaintiff's request to stay this action (ECF No. 136) is denied.

Dated: January 8, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ar2959.eot(p)